1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OWB REO LLC,

11           Plaintiff,                    CIV. NO. S-12-0282 JAM CKD PS

12       vs.

13
     ROBERT CIACCIO, et al.,
14

15           Defendants.              FINDINGS AND RECOMMENDATIONS

16   _____/

17           This is an unlawful detainer action that was removed by pro se defendant Robert

18   Ciaccio from Nevada County Superior Court on February 2, 2012.  (Dkt. No. 1.)  It was referred

19   to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).  Even if a party does not question the

20   court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte.

21   See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under

22   an independent obligation to examine their own jurisdiction...").  After reviewing the notice of

23   removal and its accompanying documents, the court concludes that it lacks subject matter

24   jurisdiction over the action.

25           Removal jurisdiction statutes are strictly construed against removal.  See Libhart

26   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

                                        1

1    rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>,

2    980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the

3    party invoking removal." <u>Harris v. Provident Life and Accident Ins. Co.</u>, 26 F.3d 930, 932 (9th

4    Cir. 1994).

5           A defendant may remove a civil action from state court to federal district court

6    only if the district court has original jurisdiction over the action, i.e. if the action originally could

7    have been filed in federal court.  <u>See</u> 28 U.S.C. § 1441(a).  A district court has original

8    jurisdiction over a civil action when: (1) a federal question is presented in an action "arising

9    under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

10   citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

11          In regards to federal question jurisdiction, federal courts have "jurisdiction to

12   hear, originally or by removal from a state court, only those cases in which a well-pleaded

13   complaint establishes either that federal law creates the cause of action, or that the plaintiff's

14   right to relief necessarily depends on resolution of a substantial question of federal law."

15   <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983).  Mere

16   reference to federal law is insufficient to permit removal.  <u>See Smith v. Industrial Valley Title</u>

17   <u>Ins. Co.</u>, 957 F.2d 90, 93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a

18   sufficient basis to remove an action to federal court.  <u>See Berg v. Leason</u>, 32 F.3d 422, 426 (9th

19   Cir. 1994); <u>Takeda v. Northwestern Nat. Life Ins. Co.</u>, 765 F.2d 815, 821-22 (9th Cir. 1985); <u>FIA</u>

20   <u>Card Servs. v. McComas</u>, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

21          Here, removal cannot be based on federal question jurisdiction.  The exhibits

22   attached to the removal notice establish that the state court action is nothing more than a simple

23   unlawful detainer action, and is titled as such.  (<u>See</u> Dkt. No. 1 at 5-11. )  According to the

24   complaint, plaintiff acquired the subject real property in Grass Valley, California after a non-

25   judicial foreclosure sale and is seeking to evict defendants from the property.  (Dkt. No. 1 at 8-

26   10.)  This court has no jurisdiction over unlawful detainer actions, which are strictly within the

1    province of the state court.

2         Defendant Robert Ciaccio contends that federal question jurisdiction exists

3    because defendants' state court demurrer, which was apparently not sustained, depended on the

4    determination of defendants' rights and plaintiff's duties under federal law, in particular the

5    Protecting Tenants at Foreclosure Act ("PTFA"). See Pub. L. No. 111-22, § 702, 123 Stat. 1632

6    (2009). A state court demurrer is essentially the equivalent of a motion to dismiss in federal

7    court. However, plaintiff's complaint itself is strictly an action based on the California unlawful

8    detainer statutes. Thus, defendant's reference to the PTFA is best characterized as a potential

9    defense or counterclaim, neither of which is considered in evaluating whether a federal question

10   appears on the face of a plaintiff's complaint.

11        Any defenses based on federal law must generally be raised in the state court

12   action and do not provide a basis for removal. "A case may not be removed to federal court on

13   the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and

14   even if both parties admit that the defense is the only question truly at issue in the case." ARCO

15   Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of

16   Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); see also Valles v. Ivy Hill Corp., 410 F.3d 1071,

17   1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on

18   a federal court, even if the defense is that of federal preemption and is anticipated in the

19   plaintiff's complaint.") Indeed, several federal district courts in California have specifically held

20   that a defense based on the PTFA cannot serve as the basis for removal jurisdiction. See e.g.

21   Aurora Loan Services, LLC v. Montoya, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); SD

22   Coastline LP v. Buck, 2010 WL 4809661, at **2-3 (S.D. Cal. Nov. 19, 2010); Wescom Credit

23   Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010); Aurora Loan Services,

24   LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. March 29, 2010).

25        Nor can the action be removed on grounds of diversity jurisdiction. First, the

26   amount in controversy does not exceed $75,000, because plaintiff's complaint specifically seeks

1   less than $10,000.  (Dkt. No. 1 at 8, 10.)[1]  Second, defendant Ciaccio is a citizen of California,

2   and therefore cannot remove the action from a California state court on the basis of diversity

3   jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original

4   jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

5   United States shall be removable without regard to the citizenship or residence of the parties.

6   Any other such action shall be removable only if none of the parties in interest properly joined

7   and served as defendants is a citizen of the State in which such action is brought.")  Based on the

8   aforementioned analysis, the court finds that remand is appropriate, because there is no subject

9   matter jurisdiction.

10          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

11          1.  The action be remanded to the Nevada County Superior Court;

12          2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

13   Nevada County Superior Court, and reference the state case number (C11-236) in the proof of

14   service; and

15          3.  The Clerk be directed to close this case.

16          These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

18   fourteen (14) days after being served with these findings and recommendations, any party may

19   file written objections with the court and serve a copy on all parties.  Such a document should be

20   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

21   objections shall be served and filed within seven (7) days after service of the objections.  The

22   ////

23   ////

24   ////

25   _____

26   [1]  Plaintiff essentially seeks possession of the property, as well as reasonable rental value
at $50.00 per day.  (Dkt. No. 1 at 10.)

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    Dated: February 3, 2012

4

                                            CAROLYN K. DELANEY

5                                        UNITED STATES MAGISTRATE JUDGE

6

7

8   CKD/5

9   Ciaccio.282.remud.fr.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26